# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GALEN LEFTON, | CASE NO. 10cv1781-LAB (NLS) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*;** |
| vs. | **ORDER OF DISMISSAL; AND** |
| GMAC MORTGAGE, et al., | **ORDER TO SHOW CAUSE RE: SANCTIONS** |
| Defendants. | |

**I.    IFP Application**

Plaintiff Lefton, proceeding *pro se*, filed his complaint on August 25, 2010 along with a motion to proceed *in forma pauperis* (IFP). While Lefton has some assets and recently had an income of just over $500 per week, the Court finds he meets the standard to proceed IFP. The motion is therefore **GRANTED**.  Lefton is, however, **ORDERED** to notify the Court promptly if his financial situation changes for the better while this action is pending—for example, if he gets a job or receives income, or his assets increase above the level his application lists.

**II.   Mandatory Screening**

Under 28 U.S.C. § 1915(e)(2), the Court is obligated to dismiss this case at any time if it determines that

(A) the allegation of poverty is untrue; or

  (B) the action or appeal—

    (I) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

As required under § 1915(e)(2)(B), the Court has reviewed the complaint in order to determine whether dismissal is required. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (requiring, pursuant to 28 U.S.C. § 1915(e), preliminary screening of complaints brought *in forma pauperis*).

Lefton seeks actual damages of $233,100, plus $699,300 in punitive damages. Lefton styles himself "Petitioner" but uses undefined terms such as "Lender" and "Agent" to refer to people or entities who were somehow involved in events.

**A. The Complaint**

The 29-page complaint is styled "ORIGINAL PETITION." It begins by identifying parties. This is followed by a "Statement of Cause" section, in which he alleges he "entered into a consumer contract for the purchase of a primary residence." He claims the Defendants, "acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant." (Compl. 2:6–8) (*sic*). He also alleges "numerous acts of fraud," saying Defendants failed to give him proper notices, and "charged false fees to Petitioner at settlement." (*Id.*, 2:8–13.)

This is followed by a section headed "IN BRIEF" with the subheading "*(Non-factual Statement of Posture and Position)*," beginning "It is not the intent of Petitioner to indict the entire industry" and going on to make non-specific accusations of fraud and conspiracy.

After this is a section headed "CAREFULLY CRAFTED CRIMINAL CONNIVANCE," subheaded "*(General State of the Real Estate Industry)*" and "*THE BEST OF INTENTIONS.*" This section begins "Prior to the 1980's and 1990's ample government protections were in place to protect <u>consumers</u> and the lending industry from precisely the disaster we now

/ / /

experience." (Compl, 3:11–13.) A second subsection is subheaded "*HOW IT WORKS*."

This whole section purports to give a background of problems in the mortgage industry.

Following this is a section headed "PETITIONER WILL PROVE THE FOLLOWING," naming eleven factual or legal propositions; a section headed "PETITIONER SEEKS REMEDY," discussing remedies (most of which are not requested in the prayer for relief) and including a subsection headed "PETITIONER HAS BEEN HARMED."

After this, the complaint embarks on a section headed "STATEMENT OF CLAIM**."** (Compl., 10:11.) Within this are subsections as follows:

*Defendants Lack Standing*
    No evidence [*sic*] of Contractual Obligation
    No Proper Evidence of Agency
    Special Purpose Vehicle

*Criminal Conspiracy and Theft*

*Agent Practiced Up-Selling*

*Fraudulent Inducement*

*Extra Profit on Sale of Predatory Loan Product*
    Extra Commission for Late Payments
    Extra Income for Handling Foreclosure
    Credit Default Swap Gambling

*Lender Attempting to Fraudulently Collect on Void Lien*

*Lender Profit by Credit Default Swap Derivatives*

*Lender Conspired with Appraiser*

*Lender Conspired with Trustee*

*Deceptive Advertising and Other Unfair Business Practices*

*Equitable Tolling for TILA and RESPA*

*Business Practices Concerning Disregarding of Underwriting Standards*
    Low-Documentation/No-Documentation Loans
    Easing of Underwriting Standards
    Risk Layering

*Unjust Enrichment*

*Claim to Quiet Title*

*Sufficiency of Pleading*

This is followed by another section redundantly headed "CAUSES OF ACTION," which includes the following subsections:

*Breach of Fiduciary Duty*

*Cause of Action - Negligence/Negligence Per Se*

*Agent: Common Law Fraud*

*Petitioner Properly Averred a Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing*

*Cause of Action Violation of Truth in Lending Act 15 U.S.C. § 1601 et seq*[.]

*Intentional Infliction of Emotional Distress*

Finally, the complaint closes with a section headed "PRAYER" which seeks an "emergency restraining order," a permanent injunction, quiet title, both rescission of the loan contract *and* restitution; disgorgement of all amounts wrongfully acquired, actual damages, "pain and suffering," interest, punitive damages, attorney's fees and costs, and any other relief the Court deems just and proper.

**B.   Other Complaints**

The body of the complaint is substantially identical to several other complaints filed against other banks in other federal courts around the same time.  The Court has been able to identify at least seven cases filed earlier or around the same time:

- *Moran v. American General Finance*, 10cv1366-LAB (S.D.Cal., filed June 29, 2010).[1]

- *Wyatt Geans v. Oxford Bank*, 10cv13160-BAF (E.D. Mich., filed August 10, 2010).

- *Heather Kirschen Rippere v. Wells Fargo Bank, N.A.*, 10cv3532-WHA

---

[1] Several paragraphs of the *Moran* complaint are different and some of the wording is altered in ways that make little substantial difference.

(N.D.Cal., filed August 11, 2010).[2]

- *Edward & Renee Fisher v. Bank of America Home Loans*, 10cv3079-PA (D.Or., filed August 18, 2010).

- *Thomas Ray v. HSBC Bank, N.A.*, 10cv175-MR (W.D.N.C., filed August 20, 2010).

- *Ned & Kelly Carlsen v. One West Bank FSB*, 10cv80986-WPD (S.D.Fla., filed August 24, 2010).

- *Sullivan v. Quality Loan Service Corp.*, 10cv436-BLW (D.Id., filed August 27, 2010.)

The complaints (all also styled "ORIGINAL PETITION")[3] have, in part, been individualized by filling in different plaintiffs' and defendants' names, contact information for the parties, and amount of damages sought, and adding or omitting some sections.

At least four other courts have already addressed the complaints' adequacy. In *Ray*, Judge Reidinger denied a motion for a temporary restraining order, noting "In essence, the complaint is a harangue against the lending industry with no specific allegations against HSBC." *Ray v. HSBC Bank*, 2010 WL 3528554, slip op. at *1 (W.D.N.Y., Sept. 3, 2010). Judge Reidinger aptly described the complaint as containing "rambling, inarticulate accusations against the banking industry in general," *id.*, and making factually inconsistent allegations. For example, the order points out that the complaint makes accusations against an "Agent" but doesn't identify who or what the "Agent" is. *Id.* It inexplicably refers to "defendants" without identifying who, other than HSBC, was a defendant. *Id.* Judge Reidinger concluded the complaint was "most likely frivolous," cautioned the plaintiffs about sanctions under Fed. R. Civ. P. 11, and concluded "The Plaintiff is heartily encouraged to consult an attorney before continuing with this litigation." *Id.* at *2.

Similarly, in *Fisher*, Judge Panner issued a detailed order dismissing the complaint for failing to meet the standard set forth in Fed. R. Civ. P. 8. *Fisher v. Bank of America Home Loans*, 2010 WL 4296609 (D.Or., Oct. 21, 2009). The order pointed out the complaint

---

[2] The *Rippere* complaint omits four sections included in other complaints.

[3] The *Moran* complaint adds "AND PETITION FOR RESTRAINING ORDER." It includes no such petition, however, except that (like the other complaints) it includes a request for an "emergency restraining order" enjoining foreclosure.

fell far short of the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). 2010 WL 4296609, slip op. at *2 ("The sparse factual allegations, taken as true, simply do not raise any viable claims.") Among other things, the order pointed out that the complaint relied almost wholly on conclusions, and failed to connect the defendant with the harm the plaintiffs claim to have suffered. *Id.* at *2–*4.

In *Carlsen*, Judge Dimitrouleas granted the Defendant's motion to dismiss in a brief order on the merits. *Carlsen*, 2010 WL 4123573 (S.D.Fla., Oct. 20, 2010).

Finally, in *Sullivan*, Judge Winmill, in ruling on another lender's motion to intervene, noted the same types of defects, concluding the complaint failed to allege cognizable claims, and determining the complaint had to be dismissed. *Sullivan*, 2011 WL 124280, slip op. at *5–*6 (D.Id., Jan. 11, 2011).

The Court agrees with these four other courts that the complaint here, which makes the same allegations as the substantially identical complaints before them, fails to state a claim and must therefore be dismissed. It falls far short of the pleading requirements set forth in Fed. R. Civ. P. 8.

Besides lacking merit, it seems likely the complaint was copied from some outside source, and that the plaintiffs in the seven cases mentioned above probably also copied their complaints from the same source. Fed. R. Civ. P. 11(b) provides, in part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . .
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

/ / /

Here, Lefton seems to have copied a huge amount of text almost verbatim from other sources and used it as his complaint. While two complaints could legitimately be similar or almost identical if the plaintiffs in each case reasonably believe they were harmed in the same way, that doesn't seem to be the case here. Here, the complaint relies on allegations, legal theories and arguments Lefton apparently copied from someone else without understanding what he was copying. Indeed, it is difficult to see how Lefton could even have believed he understood this vague and rambling complaint. Lefton made almost no changes to substantial portions of the text, including sections that obviously don't apply to him. In fact, the seven complaints in these cases even share the same typefaces, unnecessary underlinings, and typographical errors.

Cutting and pasting text wholesale with an uncritical eye and with no regard for whether the allegations are supported by facts or law is a violation of Rule 11. If that is what Lefton did, Rule 11(c) allows the Court to sanction him after notice and an opportunity to be heard.

## III. Conclusion and Order

For the reasons explained in this order, the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. If Lefton wishes to amend his complaint, he may do so no later than the close of business on **March 17, 2011.**

If Lefton amends his complaint, he must at the same time file a memorandum of points and authorities, not longer than fifteen pages, showing why he should not be sanctioned under Rule 11(c) for misrepresenting that he had made an inquiry that was reasonable under the circumstances, and confirmed that his factual contentions and claims met the standard of Rule 11(b)(1) and (2). The page limit does not include any material attached as an exhibit to the memorandum or lodged with the court. The memorandum must explain where he got the text for the complaint, and what inquiries he made to confirm it was appropriate to file. If Lefton consulted with an attorney or someone he thought was an attorney, he must identify that person by name and provide the person's business address or other contact information, but he need not reveal any privileged communications.

If Lefton fails to file an amended complaint within the time permitted, this action will be dismissed without leave to amend. If he amends but fails to show cause as ordered, the amended complaint will be dismissed with prejudice as a sanction for violation of Rule 11.

**IT IS SO ORDERED**.

DATED: February 23, 2011

*/s/ Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge