# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| GALEN LEFTON, | CASE NO. 10cv1781-LAB (NLS) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| GMAC MORTGAGE, et al., | |
| Defendants. | |

Plaintiff Galen Lefton is proceeding *in forma pauperis*, so the Court was required, under 28 U.S.C. § 1915(e)(2), to screen his complaint and to dismiss it if it failed to state a claim or was frivolous or malicious.

On February 24, 2011, the Court issued its screening order, finding the complaint was substantially identical to complaints filed in several other districts around the country. It appeared Lefton had made no reasonable effort to confirm the complaint's factual allegations or legal arguments. The Court dismissed the complaint and ordered him, if he wished to amend it, to simultaneously show cause why he should not be sanctioned for filing a complaint that violated Fed. R. Civ. P. 11. He was given specific instructions concerning how to show cause why he should not be sanctioned. Lefton was given until March 17, 2011 to do both.

///

On March 17, Lefton filed what purported to be a joint motion brought by him and by Defendant GMAC Mortgage, agreeing to an extension of time to file an amended complaint. In fact, GMAC did not join in this motion, and it was an *ex parte* motion brought by Lefton alone. On March 22, the Court granted this motion in part, ordering Lefton no later than April 14, 2011 to show cause why he should nto be sanctioned under Fed. R. Civ. P. 11.  That order cautioned Lefton:

> Any response not filed within this time limit, or not in compliance with the requirements set forth in the February 24 order, will be rejected, and rejection of a submitted filing will not be good cause for any further continuances. If Lefton shows cause, the Court will then issue an order concerning amendment of his complaint. If he fails to show cause within the time permitted, this action will be dismissed with prejudice both for failure to amend as ordered and as a sanction.

Instead of obeying the Court's order, Lefton on April 15 submitted an amended complaint that also sought a temporary restraining order and preliminary injunction.  The amended complaint was untimely under the Court's orders of February 24 and March 22, and Lefton has not met the conditions for obtaining more time.  By a separate order, that amended complaint is being rejected for filing.  Lefton has never attempted to show cause why he should not be sanctioned, and he has never complied with the Court's previous orders.  As pointed out in those orders, although Lefton is proceeding *pro se*, he must obey the same rules that govern other litigants, and he must also obey the Court's orders to him.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

This action is therefore **DISMISSED WITH PREJUDICE**, both for failure to timely amend, and as a sanction for violation of Fed. R. Civ. P. 11.

**IT IS SO ORDERED**.

DATED: April 18, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge